UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS PINTOR, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | Case No. 22-cv-02878-JSC<br><br>**ORDER RE: MOTIONS TO DISMISS & REMAND**<br><br>Re: Dkt. Nos. 8, 9, 16, 21, 23, 28 |

Defendant removed this case, an insurance dispute, from state to federal court. (Dkt. No. 1.)[1] Before the Court are Defendant's motions to dismiss and to set aside default, Plaintiffs' motion to remand, and Defendant's motion for leave to file sur-reply. (Dkt. Nos. 8, 9, 16, 28.) After carefully considering the parties' briefing, and having had the benefit of oral argument on July 7, 2022, the Court DENIES Plaintiffs' motion to remand, GRANTS Defendant's motion for leave to file sur-reply, DENIES as moot Defendant's motion to set aside default, and DENIES without prejudice Defendant's motion to dismiss, as explained below.

## BACKGROUND

Plaintiffs filed suit in Contra Costa County Superior Court with claims for insurance bad faith and negligence. (Dkt. No. 1 at 7.) Plaintiffs allege their landlord, Dora Alacon-Villeda, negligently started a fire in the home that Plaintiffs rented and Ms. Alacon-Villeda owned and co-occupied. Ms. Alacon-Villeda was insured by Defendant Liberty Mutual Insurance Co., but Defendant denied coverage. Plaintiffs allege they previously obtained default judgments against

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Ms. Alacon-Villeda, (*see* Dkt. No. 22-2 (complaint)),[2] and sue Defendant as judgment creditors. Defendant was served with the summons and complaint on April 15, 2022. (Dkt. No. 1 at 2.) On May 16, 2022, Defendant filed a notice of removal in federal court and emailed the notice to Plaintiffs; on May 18, Defendant served the notice on Plaintiffs by mail. (*Id.*; Dkt. No. 9-1 ¶ 18.)

Also on May 18, Plaintiffs filed a "Doe substitution" in the state court case, naming Marcos Villeda, Ms. Alacon-Villeda's husband, as a Defendant. (Dkt. No. 19-2 at 136.) Plaintiffs also filed a request for entry of default in the state court case. (*Id.* at 135.) And Defendant filed a notice of filing notice of removal. (Dkt. No. 19-1 at 18.)

On May 26, Plaintiffs filed a first amended complaint ("FAC") in this Court, with a cover letter indicating that the FAC "was supposed to have been filed in the State Court but [] never showed on the docket." (Dkt. No. 17-1 at 1; *see* Dkt. No. 17). Plaintiffs "conditioned" the filing of the FAC "upon the Federal Court having jurisdiction over the case," which Plaintiffs contest in their pending motion to remand. (Dkt. No. 17-1 at 2.) The FAC names Mr. Villeda as Defendant along with Liberty Mutual. (Dkt. No. 17 at 1–2.)

**DISCUSSION**

**I.  Plaintiffs' Motion to Remand**

Defendant's notice of removal asserts federal subject matter jurisdiction on the basis of diversity. (Dkt. No. 1 at 2.) Plaintiffs argue that remand is required because removal was untimely and complete diversity is lacking. (Dkt. No. 16; *see* Dkt. Nos. 19, 20, 28, 32.)[3]

A notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Since the deadline of 30 days after April 15, 2022 fell on a Sunday, Defendant's deadline for timely removal

---

[2] The parties' requests for judicial notice at Docket Nos. 19-1 and 22 are GRANTED. *See United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (noting that courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute," and citing Fed. R. Evid. 201(b)).

[3] Defendant's motion for leave to file sur-reply to Plaintiffs' motion for remand, (Dkt. No. 28), is GRANTED. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003) (explaining that court may consider arguments raised for the first time in reply brief if opposing party has opportunity to respond); *e.g.*, *Tanious v. Gattoni*, 533 F. Supp. 3d 770, 774 (N.D. Cal. 2021).

1 was Monday, May 16, 2022. *See* Fed. R. Civ. P. 6(a)(1). Defendant filed a notice of removal on that date. (Dkt. No. 1.) The Clerk's Office sent an electronic filing error message notifying Defendant that it had attached an outdated civil cover sheet to its notice of removal. (*See* Dkt. No. 16 at 3–4.) On May 17, Defendant re-filed the correct civil cover sheet. (Dkt. No. 4.) Given that Defendant timely filed its notice of removal along with the summons, complaint, proof of service on Plaintiffs, and jury trial demand, (Dkt. Nos. 1, 2), its one-day delay in filing the correct cover sheet was a *de minimis* procedural defect that did not destroy the timely removal. *See* 28 U.S.C. § 1446(a) (providing that removing defendant "shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant"); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (explaining that *de minimis* procedural defect, such as failing to attach complaint to notice of removal, is curable even after 30-day removal period). Similarly, Defendant's filing of notice with the state court on May 18 was sufficiently "prompt[]." 28 U.S.C. § 1446(d); *see Rubin v. Air China Ltd.*, No. 10–CV–05110–LHK, 2011 WL 1002099, *4 (N.D. Cal. Mar. 21, 2011) ("California district courts have found that even delays of a month or more in . . . filing the notice of removal in state court do not necessarily warrant remand."). Thus, removal was timely.

As to complete diversity, Plaintiffs rely on their Doe substitution filed in the state court case on May 18 naming Mr. Villeda, a California resident, as a Defendant. (Dkt. No. 19-2 at 136.) Removal was effective as of May 16, when Defendant filed notice of removal in this Court, (Dkt. No. 1 at 24). *See Curtis v. BCI Coca-Cola Enters. Bottling Cos.*, No. 1:13–cv–1939 AWI–BAM, 2014 WL 4700612, at *3–4 (E.D. Cal. Sept. 18, 2014) (concluding that federal court obtains jurisdiction when notice of removal is filed there, and state court has concurrent jurisdiction until notice of filing notice of removal is filed there). Thus, Plaintiffs' Doe substitution in state court has no legal effect in this removed case. Without Mr. Villeda, complete diversity exists because Plaintiffs are California residents and Defendant Liberty Mutual is incorporated under the laws of Massachusetts with its principal place of business there, (Dkt. No. 1 at 2). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Because the operative complaint indicates complete diversity

3

between Plaintiffs and Defendant Liberty Mutual, federal subject matter jurisdiction exists. *See id.* at 83 ("28 U.S.C. § 1441 . . . authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court . . . [including an action] predicated on the parties' diversity of citizenship . . . .").

Plaintiffs' putative FAC, which likewise names Mr. Villeda, does not change the analysis. (Dkt. No. 17.) "[W]e start with the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("Once removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party. . . . [T]he court may deny joinder, or permit joinder and remand the action to the State court." (cleaned up)). Even if the putative FAC were the operative complaint—an issue the Court does not decide, given the novelty of attempting to "condition" the filing of the FAC—the Court must determine whether complete diversity existed at the time of removal.

As the removed complaint supports diversity jurisdiction, Plaintiffs' motion to remand is DENIED.

## II. Defendant's Motion to Set Aside Default

Defendant moves to set aside Plaintiffs' request for entry of default, which was filed in state court on May 18, 2022, after Defendant had filed notice of removal in this Court. (Dkt. No. 9; *see* Dkt. No. 19-2 at 135.) Defendant moves pursuant to Federal Rule of Civil Procedure 55(c), which authorizes a court to "set aside an entry of default for good cause" and to "set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Plaintiffs did not file an opposition to the motion.

Defendant has not established that the state court actually entered default against Defendant pursuant to Plaintiffs' request. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1090–91 (9th Cir. 2010) (reviewing denial of motion to set aside *entry* of default under Rule 55(c)). Moreover, Defendant has not cited any authority that would

4

allow this Court, under Rule 55(c), to set aside a default entered by a different court. At oral argument, Defendant represented that the purpose of the motion is to preserve its ability to file a responsive pleading to Plaintiff's removed complaint in *this* Court, where default has not been requested or entered. Accordingly, Defendant's motion is DENIED as moot.

### III. Defendant's Motion to Dismiss

Defendant moves to dismiss the complaint, for a more definite statement regarding Plaintiffs' insurance bad faith claim, and to strike Plaintiffs' prayers for attorneys' fees and punitive damages. (Dkt. No. 8.) Plaintiffs did not file an opposition to the motion, apparently as a consequence of the Court lacking jurisdiction to decide the motion to dismiss while Plaintiffs' motion to remand was pending. (*See* Dkt. No. 11 at 2.)

In any event, Plaintiffs seek to file an amended complaint naming Mr. Villeda as a non-diverse Defendant. Accordingly, as discussed at oral argument, for efficiency's sake the Court will DENY the motion to dismiss the removed complaint without prejudice and direct Plaintiffs to file a motion for leave to file an amended complaint pursuant to 28 U.S.C. § 1447(e). *See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1010–11 (N.D. Cal. 2000) (explaining that plaintiff seeking to join diversity-destroying defendant after removal must seek leave to amend). Relatedly, the Court DENIES as moot Defendant's motion to dismiss Plaintiffs' conditionally filed FAC and Plaintiffs' motion to strike Defendant's motion. (Dkt. Nos. 21, 23.)

### CONCLUSION

On or before August 11, 2022, Plaintiffs shall file a motion for leave to amend to add a non-diverse defendant pursuant to 28 U.S.C. § 1447(e). Plaintiffs shall attach their proposed amended complaint as an exhibit to the motion for leave. Plaintiffs are granted leave to amend their complaint to address the arguments raised by Defendant's motions to dismiss; in other words, Plaintiffs' motion for leave to amend need only request permission to add Mr. Villeda as a defendant. Defendant's opposition is due August 25, 2022; Plaintiffs' reply is due September 1, 2022; and the motion will be heard on September 15, 2022 at 9:00 a.m. by Zoom video.

Defendant's motion to dismiss is DENIED without prejudice. (Dkt. No. 8.) Defendant's

motion to set aside default is DENIED as moot.  (Dkt. No. 9.)  Plaintiffs' motion to remand is DENIED.  (Dkt. No. 16.)  Defendant's motion to dismiss Plaintiffs' conditionally filed FAC and Plaintiffs' motion to strike are DENIED as moot.  (Dkt. Nos. 21, 23.)  Defendant's motion for leave to file sur-reply is GRANTED.  (Dkt. No. 28.)

This Order disposes of Docket Nos. 8, 9, 16, 21, 23, 28.

**IT IS SO ORDERED.**

Dated: July 7, 2022

JACQUELINE SCOTT CORLEY
United States District Judge