UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS PINTOR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 22-cv-02878-JSC<br><br>**ORDER RE: MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 39 |

Plaintiffs filed suit in state court against Liberty Mutual Insurance Co., which insured Plaintiffs' landlord Dora Alacon-Villeda against whom they had obtained default judgments. (Dkt. No. 1 at 6–10.)[1] Liberty removed to federal court, asserting federal subject matter jurisdiction on the basis of diversity, (*id.* at 2): Plaintiffs are California residents and Liberty is incorporated under the laws of Massachusetts with its principal place of business there. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Plaintiffs now seek to add a non-diverse defendant, Marcos M. Villeda, a co-landlord and a California resident. (Dkt. No. 39; *see* Dkt. No. 34 at 5 (ordering that Plaintiffs may otherwise freely amend the complaint to address Liberty's arguments in support of dismissal).) Having carefully considered the briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the September 15, 2022 hearing, and DENIES the motion.

**DISCUSSION**

"Once removal has occurred, the district court has two options in dealing with an attempt to join a nondiverse party. . . . [T]he court may deny joinder, or permit joinder and remand the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  action to the State court." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001)
2  (cleaned up)); *see* 28 U.S.C. § 1447(e). The "decision regarding joinder of a diversity destroying
3  defendant is left to the discretion of the district court," *Newcombe v. Adolf Coors Co.*, 157 F.3d
4  686, 691 (9th Cir. 1998), guided by six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

Plaintiffs argue that the joinder of Mr. Villeda is not intended to defeat federal jurisdiction, but their motion does not otherwise address the factors and they did not file a reply. As best the Court can glean, the factors do not favor joinder. Mr. Villeda is not a required party under Rule 19(a) because, without him, the Court could grant complete relief to Plaintiffs with respect to Liberty's insuring Ms. Alacon-Villeda. *See San Jose Neurospine v. Cigna Health & Life Ins. Co.*, No. 16-CV-05061-LHK, 2016 WL 7242139, at *7–8 (N.D. Cal. Dec. 15, 2016). Plaintiffs have obtained default judgments against Ms. Alacon-Villeda, not against Mr. Villeda, such that the proposed first amended complaint's claims against him are only tangentially related to their claims against Liberty. *See Adams v. BMW of N. Am., LLC*, No. 17CV0068-MMA (KSC), 2017 WL 3822014, at *3 (S.D. Cal. Sept. 1, 2017) ("While facts pertaining to repairs may be relevant in demonstrating that the subject vehicle was defective at the time of sale or that Defendant breached an express warranty, Plaintiff's proffered cause of action against GMG Motors is no more than tangentially related to Plaintiff's warranty causes of action.").

There has also been an unexplained delay in requesting joinder, given that Plaintiffs knew of Mr. Villeda and his potential involvement in the fire that gave rise to their insurance dispute. *See Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1282 (C.D. Cal. 2015) ("[A] court has discretion to deny joinder of a party whose identity was ascertainable and thus could have been

named in the first complaint." (cleaned up)).  Indeed, Plaintiffs named both Ms. Alacon-Villeda and Mr. Villeda in their June 2019 state court case, but dismissed Mr. Villeda before obtaining default judgments against Ms. Alacon-Villeda.  (*See* Dkt. Nos. 19-1 at 4, 9, 11–12.)  Plaintiffs' counsel's long COVID memory problems do not explain that delay.  And the delay suggests that the purpose of joinder is to defeat diversity jurisdiction here.

In sum, Plaintiffs have not persuaded the Court to exercise its discretion to permit joinder.  Accordingly, their motion for leave to amend to name Mr. Villeda is DENIED.  On or before September 29, 2022, Plaintiffs shall file an updated version of their proposed first amended complaint, (Dkt. No. 39-2; *see* Dkt. No. 34 at 5), that names only Liberty.

This Order disposes of Docket No. 39.

**IT IS SO ORDERED.**

Dated: September 13, 2022

JACQUELINE SCOTT CORLEY
United States District Judge