UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS PINTOR, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 22-cv-02878-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 49 |

Before the Court is Defendant's motion to dismiss, for a more definite statement, and to strike. (Dkt. No. 49.)[1] After carefully considering the parties' submissions, the Court concludes that oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the November 17, 2022 hearing, and DENIES in part and GRANTS in part Defendant's motion as set forth below.

　　1.　　Liberty Mutual Insurance Company's motion to dismiss on the grounds that it did not issue the insurance policy at issue is DENIED. Liberty relies entirely on the insurance policy itself, but the policy has the "Liberty Mutual Insurance" logo. (Dkt. No. 8-1 at 8.) Drawing all inferences in Plaintiff's favor, the Court cannot conclude that defendant Liberty Mutual Insurance Company did not issue the policy at issue. Liberty Mutual's reliance on *Rainbow Sandals, Inc. v. Liberty Mut. Ins. Co.*, No. CV 14-01665 JLS, 2014 WL 12577084 (C.D. Cal. Dec. 4, 2014), is unpersuasive as there the policies at issue stated that "insurance is afforded by Mitsui Sumitomo Insurance USA, Inc., Peerless Insurance Company, or Golden Eagle Insurance Corporation" rather than having Liberty Mutual's logo on them. *Id.* at *3.

　　If Plaintiffs have, in fact, sued the wrong Liberty Mutual entity, then Defendant should

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

meet and confer with Plaintiffs to substitute in the proper defendant.

2. Liberty Mutual Insurance Company's motion to dismiss the claim for bad faith insurance denial (breach of the covenant of good faith and fair dealing) is GRANTED. The only bad faith conduct alleged in the complaint arises from conduct that occurred before Plaintiffs became judgment creditors. (Dkt. No. 45 ¶¶ 8-9.) Defendant did not owe Plaintiffs a duty prior to Plaintiffs becoming judgment creditors and thus Plaintiffs have not pled a claim for breach of the duty of good faith and fair dealing. *See Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 944 (1976). Accordingly, the bad faith claim is dismissed with leave to amend. Any amended complaint must be filed by **November 30, 2022**.

3. Liberty Mutual Insurance Company's motion for a more definite statement is DENIED as moot in light of the dismissal of the bad faith claim.

4. Liberty Mutual Insurance Company's motion to strike the attorneys' fees demand is procedurally improper. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) ("Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law"). In any event, the motion is moot given that the bad faith claim is dismissed.

5. The initial case management conference is going forward on **November 17, 2022 at 1:30 p.m.** via Zoom video. A joint case management conference statement is due November 10, 2022. In advance of the joint statement's submission, the parties must meet and confer in person or by video—email or telephone calls alone are not sufficient. The statement should address the parties' discussions regarding the proper defendant and if and how Plaintiffs intend to amend the complaint.

This Order disposes of Docket No. 49.

**IT IS SO ORDERED.**

Dated: October 31, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge